# A

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS                                               SUPERIOR COURT DEPARTMENT
                                                            CIVIL ACTION NO.:

JILL HEGEL,                           )
       Plaintiff,                     )
                                      )
                                      )
v.                                    )
                                      )
CITY OF GLOUCESTER,                   )
       Defendant.                     )
                                      )

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

1. The Plaintiff, Jill Hegel, is a resident of Arlington, Middlesex County, Commonwealth of Massachusetts.

2. The Defendant, City of Gloucester, (the "City" or "Defendant") is a municipality with a principal place of business at City Hall, 9 Dale Avenue, Gloucester, Essex County, Commonwealth of Massachusetts.

3. At all times material hereto, the City of Gloucester owned, maintained and held for public use the park located at Half Moon Beach in Stage Fort Park, Gloucester, Massachusetts.

4. On or about July 7, 2019, the Plaintiff was visiting Half Moon Beach at Stage Fort Park with her two young grandchildren. The Plaintiff paid a monetary fee to the Defendant for parking and use of the park and beach.

5. As they approached Half Moon Beach, the Plaintiff's grandchildren hurried ahead of her, down a set of cement stairs onto Half Moon Beach (hereinafter "the cement stairs").

6. The Plaintiff followed her grandchildren down the cement stairs to access Half Moon Beach, having no alternative route to follow them.

7. The last several steps of the cement stairs were in gross disrepair, broken, and hazardous, causing the Plaintiff to trip and fall forcefully down onto the cement steps, rocks, and the stump of a large tree located next to the cement stairs, losing consciousness and suffering serious injuries.

8. The cement stairs were in a defective condition and lacked a handrail.

9. The Plaintiff could not see the poor, unsafe condition of the bottom of the cement stairs until she reached them.

1

10. The Plaintiff's injuries resulting from the trip and fall on July 7, 2019, include but are not limited to head trauma, a large hematoma on her forehead, laceration above upper lip, right shoulder injury, abrasions on her right shoulder, arm, hand and her back, and permanent scarring.

## COUNT I: NEGLIGENCE

11. The Plaintiff herein realleges and restates the preceding Paragraphs as if fully stated herein.

12. The Defendant at all relevant times exercised control over Stage Fort Park and Half Moon Beach. The Defendant installed and maintained the cement stairs providing access to Half Moon Beach, and had the authority and ability to correct dangerous conditions that existed there, including but not limited to the location where the Plaintiff fell.

13. The Defendant had a duty of care to the Plaintiff to maintain the cement stairs leading to Half Moon Beach in a reasonably safe condition.

14. The Defendant breached its duty to the Plaintiff by negligently maintaining the cement stairs leading to Half Moon Beach, such that the Plaintiff was thereby caused to trip and fall while attempting to traverse the cement stairs to follow her young grandchildren to the beach.

15. The Defendant breached its duty owed to the Plaintiff by:

    a. failing to properly install, maintain and/or service the cement stairs leading to Half Moon Beach;

    b. failing to properly inspect, locate, identify and correct dangerous and hazardous conditions at Stage Fort Park and Half Moon Beach, such as the cement stairs that the Plaintiff was injured on;

    c. failing to warn of the danger caused by it acts and/or omissions;

    d. failing to use even minimal care in locating and identifying the dangerous and hazardous conditions at Stage Fort Park and Half Moon Beach, such as the cement stairs that the Plaintiff was injured on, and/or correct the same, in willful, wanton and reckless disregard of the substantial harm to persons; and,

    e. failing to abide by applicable law, codes, standards, and practices associated with the safe and proper access and stairways to public places.

16. As a direct and proximate result of the Defendant's negligent conduct, the Plaintiff tripped and fell down the cement stairs at Half Moon Beach, suffering serious and permanent injuries, incurring medical expenses in the treatment of said injuries, suffering

great pain of body and mind, and becoming obligated to expend additional monies for medical care and treatment.

## COUNT II: GROSS NEGLIGENCE, WILLFUL, WANTON OR RECKLESS CONDUCT

17. The Plaintiff herein realleges and restates the preceding Paragraphs as if fully stated herein.

18. The Defendant at all relevant times exercised control over Stage Fort Park and Half Moon Beach. The Defendant installed and maintained the cement stairs providing access to Half Moon Beach, and had the authority and ability to correct dangerous conditions that existed there, including but not limited to the location where the Plaintiff fell.

19. The Defendant had a duty of care to the Plaintiff to maintain the cement stairs leading to Half Moon Beach in a reasonably safe condition.

20. The Defendant breached its duty to the Plaintiff by negligently maintaining the cement stairs leading to Half Moon Beach, such that the Plaintiff was thereby caused to trip and fall while attempting to traverse the cement stairs to follow her young grandchildren to the beach.

21. The Defendant breached its duty owed to the Plaintiff by:

    a. failing to properly install, maintain and/or service the cement stairs leading to Half Moon Beach;

    b. failing to properly inspect, locate, identify and correct dangerous and hazardous conditions at Stage Fort Park and Half Moon Beach, such as the cement stairs that the Plaintiff was injured on;

    c. failing to warn of the danger caused by it acts and/or omissions;

    d. failing to use even minimal care in locating and identifying the dangerous and hazardous conditions at Stage Fort Park and Half Moon Beach, such as the cement stairs that the Plaintiff was injured on, and/or correct the same, in willful, wanton and reckless disregard of the substantial harm to persons; and,

    e. failing to abide by applicable law, codes, standards, and practices associated with the safe and proper access and stairways to public places.

22. The Defendant engaged in the misconduct described above in reckless, willful or wanton disregard of the safety of the Plaintiff.

23. The Defendant's misconduct described above posed a substantial, unjustifiable, and unreasonable risk of physical harm to the Plaintiff.

24. The Defendant knew or should have known of the substantial, unjustifiable, and unreasonable risk created by its misconduct as described above.

25. The Defendant's misconduct as described above demonstrated a conscious disregard for the substantial, unjustifiable, and unreasonable risk of physical harm to the Plaintiff caused by the Defendant's conduct.

26. As a direct and proximate result of the Defendant's negligent, grossly negligent, willful, wanton or reckless conduct, the Plaintiff tripped and fell down the cement stairs at Half Moon Beach, suffering serious and permanent injuries, incurring medical expenses in the treatment of said injuries, suffering great pain of body and mind, and becoming obligated to expend additional monies for medical care and treatment.

## COUNT III: BREACH OF CONTRACT

27. The Plaintiff herein realleges and restates the preceding Paragraphs as if fully stated herein.

28. The Defendant had a duty pursuant to an express or implied contract with the Plaintiff, Jill Hegel, a lawful patron, by which it would maintain the premises at Half Moon Beach and Stage Fort Park in a manner safe and suitable for patron use;

29. The Defendant breached its contract by permitting the premises to become unsafe for patron use and hazardous to lawful visitors;

30. As a direct and proximate result of the Defendant's breach, the Plaintiff was seriously and permanently injured, has incurred medical expenses in the treatment of said injuries, has suffered great pain of body and mind, and was and will be obliged to expend monies for medical care and treatment.

## COUNT IV: VIOLATION OF M.G.L. c. 93A

31. The Plaintiff herein realleges and restates the preceding Paragraphs as if fully stated herein.

32. At all relevant times, the Defendant was engaged in trade or commerce with the Plaintiff as defined in M.G.L. c. 93A, § 1, and was not engaged in the performance of a government function.

33. The Defendant violated M.G.L. c. 93A §§ 2 and 9, as it ignored the most fundamental safety provisions by failing to provide a means of secure and safe egress for park and beach patrons such as the Plaintiff, who was attempting to access the beach by use of cement stairs that were in disrepair and unsafe and allowed to remain so by the Defendant.

34. In failing to properly maintain the cement stairs, the Defendant has engaged in conduct that is unethical, oppressive, and unscrupulous and that has caused the Plaintiff substantial injuries, and thus violates M.G.L. c. 93A § 2.

35. An act or practice that fails to comply with a statute meant for the protection of the public's health, safety, or welfare is a violation of M.G.L. c. 93A, § 2. 940 CMR 3.16(3).

36. The Defendant violated provisions of 521 CMR, including 521 CMR 19 and 27.

37. The purpose of 521 CMR is "to make public buildings and facilities accessible to, functional for, and safe for use by persons with disabilities." 521 CMR 2.1. The provisions of 521 CMR 27 require all stairs to comply with its provisions. 521 CMR 27.1

38. 521 CMR is therefore a body of law meant for the protection of the public's health, safety, or welfare.

39. By violating 521 CMR, the Defendant has violated M.G.L. c. 93A, § 2.

40. The Defendant violated other provisions of Massachusetts law intended for the protection of the public's health, safety, or welfare, including regulations.

41. As a direct and proximate result of the Defendant's violations of M.G.L. c. 93A, § 2, the Plaintiff was seriously and permanently injured, has incurred medical expenses in the treatment of said injuries, has suffered great pain of body and mind, and was and will be obliged to expend additional monies for medical care and treatment.

42. The Plaintiff has complied with all statutory conditions precedent to recovery by mailing a demand letter pursuant to M.G.L. c. 93A §§ 2 and 9 on October 24, 2019. Attached as **Exhibit A** is a copy of the Plaintiff's Chapter 93A demand letter (without attachments that number over 190 pages, for present purposes). The Plaintiff incorporates by reference the contents of the attached Exhibit A.

43. The Defendant failed to make a proper response to said demand letter and/or to offer a reasonable written tender of settlement within thirty days of the demand letter as provided in M.G.L. c. 93A, § 9.

44. Pursuant to M.G.L. c. 93A, §2, the Plaintiff seeks a judgment for up to triple damages plus an award of attorney's fees and costs for the willful and wanton violation of M.G.L. c. 93A, §2.

## COUNT V: VIOLATION OF THE UNITED STATES AMERICANS WITH DISABILITIES ACT

45. The Plaintiff herein realleges and restates the preceding Paragraphs as if fully stated herein.

46. The Plaintiff is a qualified individual pursuant to Title II of the Americans with Disabilities Act.

47. The Plaintiff was excluded from participation and/or denied the benefits of significant services, programs or activities of the City of Gloucester in that the access to the beach was made inaccessible by the City of Gloucester's failure to provide adequate handicap access.

48. The denial of access was by reason of the Plaintiff's disability in that the defect in the cement stairs prevented the Plaintiff from safely accessing the beach due to her disability. Pursuant to 42 USC §12132 and 42 USC §12202, Plaintiff was denied the benefits of the services, programs, or activities of a public entity and/or was subject to discrimination by any such public entity, the City of Gloucester, by virtue of the significant disrepair and/or non-compliance with statutory handicap access codes.

49. As the direct and proximate result of the violation of the Americans with Disabilities Act by the Defendant, the Plaintiff tripped and fell down the cement stairs at Half Moon Beach, suffering serious and permanent injuries, incurring medical expenses in the treatment of said injuries, suffering great pain of body and mind, and becoming obligated to expend additional monies for medical care and treatment.

**WHEREFORE** the Plaintiff Jill Hegel demands judgment against the Defendant City of Gloucester for damages, costs, multiple damages pursuant to M.G.L. c. 93A, attorney's fees, costs and other relief that this Honorable Court deems just.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY
OF ALL ISSUES SO TRIABLE**

Respectfully submitted,
For the Plaintiff,
Jill Hegel,
By her attorney,

LAW OFFICES OF
WILLIAM T. KENNEDY, P.C.
Attorneys at Law

*[signature]*

William T. Kennedy
BBO #268420
Christine M. McPhee
BBO #668869
21 McGrath Highway, Suite 404
Quincy, MA 02169-5311
617-773-7100

DATED: 8/2/2021

#19-7-1C
Hegel\ amended complaint (first)

7